**In re KNIGHT; Gill, Appellant; Cuyahoga County Department of Children and Family Services, Appellee.***

[Cite as *In re Knight* (1999), 135 Ohio App.3d 172.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74268.

Decided Oct. 12, 1999.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1999), 88 Ohio St.3d 1412, 723 N.E.2d 118.

James A. Draper, Cuyahoga County Public Defender, and *Kathleen W. Wood*, Assistant Public Defender, for appellant.

*Lawrence Kaigler*, guardian *ad litem*.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Robert A. Milkes*, Assistant Prosecuting Attorney, for appellee.

SPELLACY, Judge.

Appellant LaShon Gill appeals from the grant of temporary custody of her daughter, Destiny Knight, to the Cuyahoga County Department of Children and Family Services ("CCDCFS").

Appellant assigns the following errors for review:

"I. The court erred as a matter of law in finding Destiny Knight neglected when the state's case rested on hearsay and speculation alone and the child was well cared for by her parent.

"II. The court violated public policy and statutory mandates by failing to impose the least restrictive alternative necessary to protect Destiny Knight while maintaining her family structure.

"III. By allowing the state to call Ms. Gill to the stand 'on cross' as its first witness, the juvenile court denied her the privilege against self–incrimination guaranteed in the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

"IV. The juvenile court's refusal to hold a dispositional hearing for the purposes of considering the best interests of LaShon Gill's child denied Ms. Gill due process and abridged her fundamental right to raise her child."

Finding the third assignment of error to have merit, we reverse the judgment of the trial court.

## I

On October 20, 1997, CCDCFS filed a complaint alleging that Destiny Knight (born October 17, 1997) was a neglected child. The newborn's mother, appellant, had tested positive for cocaine several times during the pregnancy. The complaint averred that appellant had a chronic drug abuse problem, which her attendance at numerous treatment programs had not abated. CCDCFS also claimed that appellant had not maintained consistent treatment for her mental health problems. Appellant lost custody of her four other children. Paternity had not been established for the newborn. CCDCFS asked to be awarded temporary custody of Destiny.

CCDCFS established a case plan calling for appellant to attend mental health counseling and drug treatment. The putative father was to obtain stable housing, have a drug assessment, follow through with recommendations, and attend enabling classes. The alleged father was to establish paternity.

On December 23, 1997, appellant filed a motion in which she asked that legal custody of Destiny be given to Keith Knight, Destiny's father. Appellant averred that Keith Knight had stable housing, was employed at Mueller Tire, and currently had emergency custody of Destiny.

On January 16, 1998, the juvenile court held a hearing on CCDCFS's complaint for temporary custody of Destiny Knight. Appellant asked that the case be dismissed because both the adjudicatory and dispositional hearings would be held after the ninety-day period permitted by Juv.R. 24(A) and R.C. 2151.28(B)(3). The trial court overruled the motion, and the hearing proceeded.

CCDCFS called appellant on cross-examination as its first witness. Appellant asserted her Fifth Amendment privilege against self-incrimination. Appellant argued that she might be subject to a charge of child endangerment or other crimes if forced to testify. The trial court overruled appellant's objection to being called to testify on cross-examination by CCDCFS.

## II

■ Appellant's third assignment of error challenges the trial court's ruling permitting CCDCFS to call appellant as a witness. Appellant contends that she was denied her Fifth Amendment privilege against self-incrimination by the ruling.

■ The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." This protection applies to any type of proceeding, whether civil, criminal, administrative, investigatory, or adjudicatory, in which an individual

could be compelled to produce evidence against himself that could be used later in a criminal trial. *Cincinnati v. Bawtenheimer* (1992), 63 Ohio St.3d 260, 586 N.E.2d 1065. The privilege applies to evidence that could directly support a criminal conviction, to information that would furnish a link in the chain of evidence that could lead to prosecution, and to evidence that a person reasonably believes could be used against him in a criminal prosecution. *Id.*

■ The Fifth Amendment protection against self-incrimination applies in juvenile proceedings. *In re Billman* (1993), 92 Ohio App.3d 279, 634 N.E.2d 1050. In *Billman,* the mother was called as a witness by the Cuyahoga County Department of Human Services in a dependency proceeding. The mother asserted her Fifth Amendment privilege against self-incrimination, but the trial court overruled the objection. This court held that the trial court committed reversible error by forcing the mother to testify. This court stated: "Testimony elicited from a parent on any of these issues [R.C. 2151.04] would open the door for potential prosecution, at a minimum, for child endangering pursuant to R.C. 2919.22." *Id.,* 92 Ohio App.3d at 281, 634 N.E.2d at 1051.

■ CCDCFS filed a complaint alleging that Destiny Knight was a neglected child. A neglected child is any child who lacks proper parental care because of the faults or habits of his or her parents. R.C. 2151.03(A)(2). When an allegation of neglect is made, a showing of fault on the part of the parents must be found. *In re Riddle* (1997), 79 Ohio St.3d 259, 680 N.E.2d 1227. Appellant raised below the possibility of being charged with child endangering because of her testimony. Under *Billman,* this is sufficient to invoke a parent's Fifth Amendment privilege against self-incrimination.

The trial court committed reversible error by overruling appellant's objection to being called to testify. The case is remanded for an immediate rehearing for a determination of whether Destiny Knight is a neglected child and, if so, for a separate dispositional hearing. See *In re Littlejohn* (May 7, 1998), Cuyahoga App. Nos. 71354, 71355, 71356, unreported, 1998 WL 230443.

Appellant's third assignment of error is sustained.

### III

Based upon the disposition of the third assignment of error, appellant's remaining assignments of error are moot.

*Judgment reversed*
*and cause remanded.*

O'DONNELL, P.J., and BLACKMON, J., concur.